**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Ramon Ceja CHAVEZ, Defendant–**
**Appellant.**

**No. 00CA1211.**

Colorado Court of Appeals,
Div. III.

July 5, 2001.

Rehearing Denied Aug. 16, 2001.

**614**

Ken Salazar, Attorney General, Miles Madorin, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Ramon Ceja Chavez, Pro Se.

Opinion by Judge DAILEY.

Defendant, Ramon Ceja Chavez, appeals from the trial court order denying his Crim. P. 35(a) motion to correct an illegal sentence. We affirm and remand the case for correction of the mittimus.

In 1998, defendant pled guilty to possession of a schedule II controlled substance (cocaine) and was sentenced to six years in community corrections. Thereafter, this sentence was terminated, and defendant was ultimately resentenced to six years in the Department of Corrections (DOC), plus three years of mandatory parole.

Defendant filed a Crim. P. 35(a) motion to correct an illegal sentence, arguing that the addition of mandatory parole to his DOC sentence violated his double jeopardy rights. The trial court denied the motion.

On appeal, defendant contends that the trial court erred in denying his motion. Relying on *People v. Shepard*, 989 P.2d 183 (Colo.App.1999), defendant argues that because he had begun to serve his six-year community corrections sentence, the trial court could not increase the sentence by adding three years of mandatory parole when he was resentenced to DOC. He asserts that the increase in his sentence after he had begun to serve his sentence violated double jeopardy. We disagree.

The Double Jeopardy clauses of the United States and Colorado constitutions protect an accused from: (1) a separate prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. U.S. Const. amend. V; Colo. Const. art. II, § 18; *Jones v. Thomas*, 491 U.S. 376, 380–81, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322, 331 (1989);

*Deutschendorf v. People*, 920 P.2d 53, 56 (Colo.1996).

Increasing a lawful sentence after it has been imposed and a defendant has begun serving it may, in some circumstances, violate the double jeopardy protection against multiple punishments for the same offense. *See, e.g., People v. Shepard, supra*, 989 P.2d at 187 (increasing amount of restitution after defendant began serving his sentence impermissibly punished defendant twice for the same offense); *People v. Sandoval*, 974 P.2d 1012, 1015 (Colo.App.1998) (changing a sentence from concurrent to consecutive, after defendant began serving it, impermissibly punished defendant twice for the same offense).

A "sentence does not have the qualities of constitutional finality that attend an acquittal." *United States v. DiFrancesco*, 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328, 344 (1980). *See also People v. District Court*, 673 P.2d 991, 997 (Colo.1983). Thus, the determinative question is whether the defendant had a legitimate expectation in the finality of his or her original sentence. If so, any increase in that sentence is prohibited by the double jeopardy clauses; if not, the sentence may be increased consistent with double jeopardy protections. *See, e.g., United States v. DiFrancesco, supra*, 449 U.S. at 139, 101 S.Ct. at 438, 66 L.Ed.2d at 347; *Ward v. Williams*, 240 F.3d 1238, 1242 (10th Cir.2001); *United States v. Fogel*, 829 F.2d 77, 87 (D.C.Cir.1987).

A defendant can have no legitimate expectation of finality in a sentence that, by statute, is subject to further review and revision. *See, e.g., United States v. DiFrancesco, supra; United States v. Pecina*, 952 F.Supp. 409, 414 (N.D.Tex.1996). *Cf. People v. Leske*, 957 P.2d 1030, 1035 (Colo.1998)(for double jeopardy purposes, "a defendant may be subjected to multiple punishments based upon the same criminal conduct as long as such punishments are 'specifically authorized' by the General Assembly"). For this reason, courts have rejected double jeopardy claims where, for instance, statutes have authorized the imposition of more severe sentences following revocation of probation, *e.g., State v.*

*Gefroh,* 458 N.W.2d 479, 482–83 (N.D.1990), or, as here, termination from community corrections. *State v. Griffith,* 787 S.W.2d 340, 341–42 (Tenn.1990).

■ For the same reason, we conclude that defendant had no legitimate expectation of finality in his six-year community corrections sentence. By statute, a sentence to community corrections is subject to modification. *See* § 17–27–105(1)(h), C.R.S.2000. If the defendant is rejected after acceptance by community corrections, § 17–27–105(1)(e), C.R.S.2000, permits the trial court to resentence the defendant to the DOC for a term equal to that of the community corrections sentence. *People v. Johnson,* 13 P.3d 309, 314 (Colo.2000). In addition, the General Assembly has required that, for every crime committed after July 1, 1993, a sentence to the DOC must be followed by a mandatory term of parole. Section 18–1–105(1)(a)(V)(A), C.R.S.2000; *see People v. Johnson, supra; Craig v. People,* 986 P.2d 951, 959 (Colo. 1999).

Therefore, because defendant was put on notice by the applicable statutes that he could be subject to a longer period of restraint if he were terminated from his community corrections placement, he lacked a legitimate expectation of finality in the length of his community corrections sentence. Consequently, the trial court's imposition of the sentence here at issue did not violate his double jeopardy rights.

Accordingly, the order denying defendant's Crim. P. 35(a) motion must be affirmed. However, because the mittimus omits the required period of mandatory parole, the case must be remanded for correction of the mittimus to reflect that defendant is subject to a three year period of mandatory parole. *See Craig v. People, supra* (mittimus that omits parole period should be read as including the appropriate parole period and must be corrected by the trial court).

Judge JONES and Judge MARQUEZ concur.