**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Oliver Glenn McPHERSON,
Defendant–Appellant.**

No. 00CA1204.

Colorado Court of Appeals,
Div. I.

Nov. 8, 2001.

As Modified on Denial of Rehearing
Dec. 6, 2001.

Certiorari Denied Aug. 19, 2002.

Ken Salazar, Attorney General, Julia A. Thomas, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Mark S. Rubinstein, P.C., Mark S. Rubinstein, Denver, CO, for Defendant–Appellant.

Opinion by Judge ROY.

Oliver Glenn McPherson appeals from the trial court's order denying his Crim. P. 35(c) motion. We affirm.

On August 8, 1994, defendant entered into a plea agreement pursuant to which he pled guilty to attempted possession of a schedule I controlled substance. On September 8, 1994, the trial court entered a judgment of conviction and granted defendant three years probation. On January 29, 1996, the trial court revoked defendant's probation and sentenced him to six years in community corrections. On October 21, 1998, defendant was terminated from community corrections.

On January 25, 1999, defendant filed a pro se motion to withdraw his guilty plea on the general grounds that an integral part of his plea agreement was that he would not be imprisoned. On that same day, defendant was sentenced without a hearing to six years in the Department of Corrections (DOC). The motion was not ruled upon.

Defendant then, on March 6, 2000, filed this Crim. P. 35(c) motion alleging ineffective assistance of counsel, illegal sentence, and violation of his right to due process of law in the trial court's failure to comply with Crim. P. 5 and 11(b). Without holding a hearing, the trial court dismissed the motion as untimely under the three-year limitation of § 16–5–402(1), C.R.S.2001, and stated that defendant's arguments were otherwise without merit.

## I.

We first address defendant's contention that his Crim. P. 35(c) motion was timely. The issues are whether the time limitation of § 16–5–402(1) began to run on September 8, 1994, when the judgment of conviction was

entered on defendant's plea and he was granted probation, or on January 29, 1996, when he was sentenced to community corrections; and whether defendant's collateral attack on his conviction was commenced on January 25, 1999, when he filed his motion to withdraw his plea, or on March 6, 2000, when he filed this Crim. P. 35(c) motion through counsel.

Defendant argues that the limitations period began to run when he was resentenced to community corrections on January 29, 1996, and the collateral attack was commenced with the January 25, 1999, filing of his motion to withdraw his guilty plea, and therefore, his motion was timely. We disagree and, using the date of his motion to withdraw his guilty plea as the commencement of the collateral attack, conclude the motion was untimely.

■ Section 16–5–402(1) provides that, as applicable here, a person convicted of a felony has three years "following the date of said conviction" within which to collaterally attack that conviction. Where, as here, there has been no direct appeal, the date of conviction for purposes of § 16–5–402(1) is the date on which the trial court entered the judgment of conviction pursuant to Crim. P. 32(c). *People v. Hampton,* 876 P.2d 1236 (Colo. 1994); *People v. Wiedemer,* 852 P.2d 424 (Colo.1993). A "judgment of conviction" is the recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant. Crim. P. 32(c).

Relying on *People v. Arnold,* 907 P.2d 686 (Colo.App.1995), and *People v. Lanford,* 867 P.2d 50 (Colo.App.1993), defendant argues that his date of conviction was the date of his sentence to community corrections. However, *Arnold* dealt with the time within which a defendant may file a Crim. P. 35(b) motion for reconsideration of a sentence and held that the 120–day limitation contained in that rule applies to resentencing. Thus, *Arnold* has no bearing on the issue presented here.

In *Lanford,* the defendant filed a Crim. P. 35(c) motion arguing that he had not been advised of mandatory parole and requesting that his sentence to incarceration be reduced by the length of the mandatory parole to which he was subject. The trial court, sua sponte, held that the motion was not timely under § 16–5–402(1). The defendant then argued that his motion was a challenge to his sentence, not his conviction. A division of this court adopted the language of Crim. P. 32 as the definition of conviction under § 16–5–402(1) and held that the time limitations of that statute applied to the defendant's motion even if characterized as a challenge to the sentence. Thus, *Lanford* also is of no assistance to defendant.

■ Resentencing does not create a new "conviction." Upon revocation of probation, a court may impose any sentence, including probation, that originally could have been imposed or granted. Section 16–11–206(5), C.R.S.2001. Upon termination of a sentence to community corrections following acceptance, the trial court may sentence a defendant to the DOC without a hearing as long as the sentence to the DOC does not exceed the sentence to community corrections. Section 17–27–104(1)(e), C.R.S.2001.

In *People v. Chavez,* 32 P.3d 613 (Colo. App.2001), a division of this court concluded that resentencing a defendant to the DOC after he had been accepted and then rejected by a community corrections program was not, for double jeopardy purposes, a new conviction because the defendant did not have a reasonable expectation of finality in his sentence to community corrections.

Thus, the sentencing scheme contemplates that upon revocation of probation or rejection from community corrections the trial court will have escalating sentencing alternatives available. Hence, resentencing after a revocation or rejection does not result in the entry of a new judgment of conviction for the purposes of § 16–5–402(1).

Defendant's date of conviction for the purposes of § 16–5–402(1) was August 8, 1994. All of the acts constituting a judgment of conviction under Crim. P. 32(c) occurred on or before that date. Subsequently, the trial court did not revisit the question of defendant's guilt, but instead resentenced defendant after he violated the conditions of his probation and placement in community corrections. Consequently, defendant's motion

to withdraw his guilty plea filed on January 25, 1999, was not timely as a Crim. P. 35(c) motion. *See People v. Cummins,* 37 P.3d 507 (Colo.App.2001).

## II.

Alternatively, defendant contends that the trial court erred in not finding that his failure to file his Crim. P. 35(c) motion within the requisite three years was due to justifiable excuse or excusable neglect. We disagree.

Section 16–5–402(2)(d), C.R.S.2001, provides that a court may hear a collateral attack commenced after the three-year period if it "finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." In *People v. Wiedemer, supra,* the supreme court set forth the following factors to consider in determining whether a defendant's inaction is attributable to justifiable excuse or excusable neglect: (1) whether there existed circumstances or outside influences preventing a challenge to a prior conviction; (2) whether a defendant having reason to question the constitutionality of a conviction investigates its validity and takes advantage of avenues of relief that are available; (3) whether a defendant either knew that the conviction was constitutionally infirm or had reason to question its validity; (4) whether a defendant had other means of preventing the government's use of the conviction so that a postconviction challenge was previously unnecessary; (5) the length of time that has elapsed between the date of conviction and defendant's challenge; and (6) the effect that such period has on the state's ability to defend against the challenge.

Whether a defendant has demonstrated justifiable excuse or excusable neglect is a question of fact to be resolved by the trial court, whose ruling we will not overturn if its findings are supported by the record. *People v. Wiedemer, supra; see also People v. Vigil,* 983 P.2d 805 (Colo.App.1999).

On appeal, defendant does not contend that the trial court's findings and conclusions are not supported by the record. Instead, he realleges the arguments presented to the trial court: (1) that defendant possessed no need to challenge his conviction until after his sentence to community corrections was terminated, because that was when he discovered the constitutional infirmity of his sentence; (2) that his defense counsel never advised him of his right to seek postconviction relief; and (3) that he abided by the terms of the plea agreement until his termination from community corrections.

However, as stated by the trial court, defendant has always possessed a need to challenge his conviction. *See People v. Wiedemer, supra.* Further, defendant's indigence, ignorance of the law, and lack of legal counsel do not amount to justifiable excuse or excusable neglect for an untimely filed collateral attack. *See People v. Vigil,* 955 P.2d 589 (Colo.App.1997). In addition, the trial court gave no credence to defendant's statement that his counsel had failed to advise him of his postconviction rights because he immediately filed a motion to withdraw his plea when a sentence to DOC was imminent.

Thus, we conclude that the trial court's finding that defendant failed to prove justifiable excuse or excusable neglect is supported by the record.

## III.

Finally, defendant argues that the trial court violated his right to due process of law by not holding a hearing and not providing counsel when the court resentenced him to a six-year term in the DOC on January 25, 1999. We disagree.

Section 17–27–105(1)(e), C.R.S.2001, provides that:

If an offender is rejected after acceptance by a community corrections board or a community corrections program, the court may resentence the offender without any further hearing so long as the *offender's sentence does not exceed the sentence which was originally imposed upon the offender.* (emphasis added)

Defendant argues that his sentence to six years in the DOC exceeded his original sentence to three years of probation. However,

that comparison is not determinative. As already indicated, a separate statute deals with resentencing following the revocation of probation and permits the court to sentence a defendant to any sentence that originally could have been imposed or granted. Section 16–11–206(5).

Section 17–27–105(1)(e) deals only with resentencing following the failure of a community corrections placement, and its reference to the sentence "originally imposed" means the sentence to community corrections and not the prior grant of probation. Because the sentence to the DOC did not exceed his sentence to community corrections, at which time he was provided both a hearing and representation of counsel, we conclude that the lack of another hearing or counsel did not violate any of defendant's due process rights.

Because we have concluded that the trial court properly dismissed defendant's Crim. P. 35(c) motion as untimely, we need not consider defendant's remaining contentions.

Order affirmed.

Judge METZGER and Judge DAVIDSON concur.