Mark Anthony MANCANO,
Petitioner–Appellant,

v.

Juanita NOVAK, Warden BVCF; John Suthers, Executive Director C.D.O.C.; Ken Salazar, The Attorney General of the State of Colorado, Respondents–Appellees.

No. 01–1355.

United States Court of Appeals,
Tenth Circuit.

Dec. 13, 2001.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

Mark Anthony Mancano brought this petition for habeas corpus relief under 28 U.S.C. § 2254, alleging that his resentencing violated his due process rights and subjected him to double jeopardy. He also claims his counsel was ineffective. The district court denied relief, and denied Mr. Mancano's requests for a certificate of appealability (COA) and for leave to proceed on appeal in forma pauperis. Mr. Mancano appeals and renews his requests.

Mr. Mancano pled guilty in 1996 to state charges and was sentenced to two years probation. His probation was revoked later that year and he was sentenced to community corrections. In 1997 the community corrections sentence was revoked. He was resentenced to the custody of the Department of Corrections (DOC) for two years and required by statute to serve a three-year period of mandatory parole. He contends that the inclusion of the three-year mandatory parole term violated his right to due process and subjected him to double jeopardy, and that his counsel was ineffective in failing to object to the sentence.

Mr. Mancano's claims are based on an erroneous view of Colorado law. An offender like Mr. Mancano, who is rejected by a community corrections program, may be resentenced without a hearing "so long as the offender's sentence does not exceed the sentence which was originally imposed upon the offender." COLO.REV.STAT. § 17–27–105(1)(e) (2001). Mr. Mancano contends his 1997 sentence violated section 17–27–105(1)(e) because in addition to his two-year sentence to the DOC, he received a three year mandatory parole term. Colorado law provides, however, that "[m]andatory parole attaches to an offender's sentence any time a trial court sentences the offender to the DOC, whether the sentence is an initial sentence or a resentence." *Colorado v. Johnson,* 13 P.3d 309, 313 (Colo.2000). The Colorado Supreme Court has made clear in a series of cases that "under this statute, the term 'offender's sentence' refers only to the term of imprisonment ordered by the trial court as a part of the resentencing and excludes the mandatory period of parole that necessarily follows such imprisonment." *Johnson,* 13 P.3d at 311; *see also Martin v. Colorado,* 27 P.3d 846, 858 (Colo.2001). An offender like Mr. Mancano who was previously sentenced to community corrections for two years can be resentenced to the DOC for two years *plus* a mandatory period of parole without violating section 17–27–105(1)(e). *See Young v. Colorado,* 30 P.3d 202, 205 n. 1 (Colo.2001). Mr. Mancano's argument that his due process rights were violated because he was sentenced in violation of section 17–27–105(1)(e) is without merit.

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

■ Mr. Mancano's argument that the addition of a mandatory parole term to his DOC sentence violated his double jeopardy rights was recently addressed by the Colorado Court of Appeals. *See Colorado v. Chavez*, 32 P.3d 613 (Colo.Ct.App.2001). There, as here, the defendant argued that the addition of a mandatory parole term upon resentencing violated his right to be free from double jeopardy. The court recognized that increasing a lawful sentence after it was imposed and a defendant has begun to serve it may in some circumstances violate the Double Jeopardy Clause of the United States Constitution by imposing multiple punishments for the same offense. *See id.* at 614. "[T]he determinative question is whether the defendant had a legitimate expectation in the finality of his or her original sentence. If so, any increase in that sentence is prohibited by the double jeopardy clause[ ]; if not, the sentence may be increased consistent with double jeopardy protections." *Id.; (see also Ward v. Williams*, 240 F.3d 1238, 1242 (10th Cir.2001)).

■ Under Colorado law, a defendant has no legitimate expectation of finality in a community corrections sentence. *Chavez*, 32 P.3d at 615. *Chavez* held that a sentence to community corrections is by law subject to modification, *see id.* (citing Colo.Rev.Stat. § 17–27–105(1)(h) (2001)), that when a community corrections sentence is rejected a defendant may be resentenced to the DOC for a term equal to the community corrections sentence, *see id.* (citing Colo.Rev.Stat. § 17–27–105(1)(e)(2001)), and that for crimes committed after 1993 a sentence to the DOC

must by statute be followed by a mandatory term of parole, *see id.* (citing Colo.Rev. Stat. § 18–1–105(1)(a)(V)(A) (2001)). The Colorado courts have thus construed these statutes to allow the DOC sentence of incarceration plus the period of mandatory parole to exceed the original community corrections sentence. Because a defendant such as Mr. Mancano was put on notice by the applicable law that he could be subject to a longer period of restraint if he was terminated from his community corrections placement, he lacked a legitimate expectation of finality in the length of his community corrections sentence. His resentencing therefore did not violate his double jeopardy rights.[1]

■ Finally, we reject Mr. Mancano's argument that his counsel was ineffective. Since the sentence Mr. Mancano received after his community corrections sentence was revoked did not violate state law, deny him due process, or infringe upon his double jeopardy rights, his counsel's failure to object to that sentence did not fall below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Mr. Mancano has failed to make a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *See* 28 U.S.C. § 2253(c); *Lennox v. Evans*, 87 F.3d 431 (10th Cir.1996). Accordingly, we DENY his request for a COA and for leave to proceed in forma pauperis and DISMISS

---

1. Mr. Mancano appears to raise claims based on his assertion that he was not properly informed during his plea proceedings of his possible maximum sentence. He has not provided us with copies of his plea agreements or the transcripts of the proceedings which he challenges, however, and we therefore decline to address his arguments.

his appeal.[2]

---

**2.** We grant Mr. Mancano's motion to substitute a party and his motion to file a supplemental brief in support of his application for a COA.