23CA1892 Peo v Green 10-24-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1892
Larimer County District Court No. 10CR1456
Honorable Susan Blanco, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Christopher Nathaniel Green,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Navarro and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

---

Philip J. Weiser, Attorney General, Grant R. Fevurly, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Christopher Nathaniel Green, Pro Se

¶ 1   Defendant, Christopher Nathaniel Green, appeals the postconviction court's order denying his most recent Crim. P. 35 motion. We affirm.

## I.   Background

¶ 2   In 2010, the prosecution charged Green with ten crimes, including two counts of first degree kidnapping, two counts of aggravated robbery, and one count of first degree aggravated motor vehicle theft. Green was on parole at the time of the offenses. A month after the prosecution added three habitual criminal counts, Green pleaded guilty under *North Carolina v. Alford*, 400 U.S. 25 (1970), to one count of aggravated robbery and one count of first degree aggravated motor vehicle theft. The prosecution dismissed the remaining counts, and the parties stipulated to a sentencing range of twenty to twenty-eight years.

¶ 3   At the providency hearing, Green's counsel reported that Green was pleading guilty "because of the risk of trial," explaining further that "there's very much that's defensible in this case. But once the habitual criminal charges were filed, it made the risk of going to trial overwhelming."

¶ 4    Before sentencing, Green moved to withdraw his plea under Crim. P. 32(d), claiming, among other things, that his plea was coerced, that the district court didn't properly advise him of his rights, and that his plea counsel was ineffective. The court denied the motion and sentenced Green to twenty-eight years in prison.

¶ 5    A division of this court affirmed the denial of Green's Rule 32(d) motion to withdraw his guilty plea. *See People v. Green*, (Colo. App. No. 12CA0371, July 18, 2013) (not published pursuant to C.A.R. 35(f)). The mandate from the direct appeal was issued in 2014.

¶ 6    Meanwhile, Green filed several postconviction motions challenging his sentence. The district court denied the motions on the merits.

¶ 7    In 2015, Green filed a pro se Crim. P. 35(c) motion and supplement raising new claims of ineffective assistance of plea counsel and also claiming, among other things, that he was incompetent at the time he entered his guilty plea. The district court denied the motion, a ruling this court affirmed. *See People v. Green*, (Colo. App. No. 19CA0466, Nov. 12, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 8 In 2023, Green filed the postconviction motion now at issue, in which he again sought to withdraw his plea. This motion, too, was brought under Rule 35(c). In it, Green claimed that plea counsel misadvised him about the application of presentence confinement credit (PSCC) and that he only recently learned the PSCC applied to an earlier parole sentence and not to the sentence in this case. He claimed that this recent discovery amounted to justifiable excuse or excusable neglect for his untimely Rule 35(c) filing. *See* § 16-5-402(2)(d), C.R.S. 2024. He also alleged that if he had known at the time of his plea that his PSCC would not apply to his sentence in this case, he would not have entered his plea.

¶ 9 The postconviction court issued a written order summarily denying the motion because, among other reasons, it was successive under Rule 35(c)(3)(VII).

## II. Analysis

¶ 10 On appeal, Green maintains that he alleged facts that, "if true," constitute "justifiable excuse or excusable neglect" and entitle him to a hearing (but Green doesn't address the court's successiveness ruling). Because we conclude the latest postconviction motion is successive and time barred, we affirm.

¶ 11     We review de novo a postconviction court's decision to deny a Rule 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 12     Subject to enumerated exceptions, a postconviction court "shall deny any claim" that is successive — that is, a claim that was raised and resolved, or could have been presented, in a previous appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI), (VII). Because Green could have — and did — challenge the effectiveness of his plea counsel in his 2015 Rule 35(c) motion, the postconviction court was required to deny his most recent Rule 35(c) motion as successive. *See id.*; *see also People v. Taylor*, 2018 COA 175, ¶ 17 (explaining that the language directing a court to deny successive postconviction claims is "mandatory rather than permissive").

¶ 13     To the extent Green suggests that he is excepted from the successiveness bar because he recently learned — and couldn't have "discovered previously" — that his PSCC wouldn't apply to his sentence in this case, *see* Rule 35(c)(3)(VI)(a), (VII)(b), that's not accurate. The last sentence of section 18-1.3-405, C.R.S. 2024 — which has been in effect since long before this case was filed —

clearly provides that Green's PSCC would apply to his previous parole sentence, not his sentence in this case. *See* § 18-1.3-405 (If the defendant is "on parole for a previous offense when he or she commits a new offense" and continues to serve the sentence for the previous offense while charges on new offense are pending, "credit given for presentence confinement . . . shall be granted against the sentence the defendant is currently serving for the previous offense and shall not be granted against the sentence for the new offense."); *see also People v. Dixon*, 133 P.3d 1176, 1177-78 (Colo. 2006). That Green was unaware of the statute or didn't seek clarification about the PSCC doesn't mean that the information was not discoverable at the time of sentencing. *Cf. People v. McPherson*, 53 P.3d 679, 682 (Colo. App. 2001) (A "defendant's indigence, ignorance of the law, and lack of legal counsel do not amount to justifiable excuse or excusable neglect for an untimely filed collateral attack."). And Green offers no reason why he could not have learned this information had he exercised the required diligence.

¶ 14     For similar reasons, we also conclude that Green has not alleged facts that, if true, would constitute justifiable excuse or

excusable neglect for filing an untimely Rule 35(c) motion. *See* § 16-5-402(1), (2)(d); *McPherson*, 53 P.3d at 682.

¶ 15 Finally, Green argues in his reply brief that his claim should be construed as an illegal sentence claim under Rule 35(a). Though we generally don't address arguments first raised in reply briefs, *see People v. Vanderpauye*, 2021 COA 121, ¶ 69 n.10, our supreme court has clarified that "a challenge to PSCC is not cognizable as a claim that a sentence was not authorized by law" under Rule 35(a), *People v. Baker*, 2019 CO 97M, ¶ 22. Thus, Green's illegal sentence claim also fails.

## III. Disposition

¶ 16 The order is affirmed.

JUDGE NAVARRO and JUDGE GOMEZ concur.