24CA0670 Peo v Swenson 02-27-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0670
Arapahoe County District Court No. 15CR185
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brandon Joseph Swenson,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE SCHOCK
Freyre and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 27, 2025

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Brandon Joseph Swenson, Pro Se

¶ 1     Defendant, Brandon Joseph Swenson, appeals the district court order denying his Crim. P. 35(c) motion.  We affirm.

## I.     Background

¶ 2     Swenson pleaded guilty in 2016 to first degree burglary, aggravated robbery, and conspiracy to commit aggravated robbery for offenses he committed in 2015.  He stipulated to consecutive sentences of ten years in Department of Corrections (DOC) custody on each count, with a total of sixty months of mandatory parole.

¶ 3     At sentencing, plea counsel urged the court to consider "an option other than the plea agreement" and requested that alternate defense counsel (ADC) be appointed to represent Swenson.  The district court appointed ADC to review whether Swenson and his plea counsel had a conflict based on ineffective assistance of counsel in connection with the guilty plea.  ADC determined there was no conflict, and the court proceeded to sentencing.  In November 2016, the court sentenced Swenson to three consecutive ten-year terms in DOC, consistent with the plea agreement.

¶ 4     The district court later granted Swenson's Crim. P. 35(b) motion and reduced his conspiracy sentence to six years.

¶ 5    In August 2023, Swenson filed a Crim. P. 35(c) motion, arguing that (1) his sentence was unconstitutionally disproportionate in light of *Wells-Yates v. People*, 2019 CO 90M, and recent amendments to the crime of violence sentence enhancer statute, § 18-1.3-406, C.R.S. 2024[1]; and (2) his counsel provided ineffective assistance in connection with his guilty plea.  For his ineffective assistance claim, Swenson asserted that his counsel advised him to reject a more favorable plea offer, failed to advise him that he would be required to serve 75% of his sentence before becoming eligible for parole, and "believed that his sentences were mandated to run consecutively when in fact they were not."

¶ 6    Swenson conceded that his motion was filed beyond the limitations period in section 16-5-402(1), C.R.S. 2024, but he argued that his motion fell within the statutory exception for

---

[1] In 2016, the General Assembly amended section 18-1.3-406 to allow courts to impose concurrent or consecutive sentences when a defendant is convicted of multiple crimes of violence, one of which is aggravated robbery.  *See* Ch. 85, sec. 1, § 18-1.3-406(1)(c)(I), 2016 Colo. Sess. Laws 242.  In 2023, the General Assembly again amended section 18-1.3-406 to allow a defendant to "petition the court for a modification of the sentences imposed if at least two calendar years but no more than five calendar years after the entry of final judgment of conviction or sentence have passed."  Ch. 297, sec. 1, § 18-1.3-406(1)(b), 2023 Colo. Sess. Laws 1779.

justifiable excuse or excusable neglect. As to his proportionality claim, Swenson asserted that *Wells-Yates* announced a new rule of constitutional law that applied retroactively and required the court to consider the amendments to the crime of violence statute. As to his ineffective assistance of counsel claims, Swenson again alleged that his counsel had misadvised him about the consecutive nature of his sentences and urged him to reject the prosecution's alleged initial offer. He also asserted that he had only recently discovered that he would have to serve 75% of his sentence before becoming eligible for parole. And he made general reference to the COVID-19 pandemic and the resulting closures of the prison law library.

¶ 7 The district court denied Swenson's motion without a hearing. It concluded that the motion was untimely and Swenson had failed to allege facts showing justifiable excuse or excusable neglect.

## II. Applicable Law and Standard of Review

¶ 8 A Crim. P. 35(c) motion must be filed within three years of a defendant's conviction for an offense other than a class 1 felony. § 16-5-402(1); Crim. P. 35(c)(3)(I). When, as in this case, the defendant does not appeal, the conviction "occurs when the trial court enters judgment and sentence is imposed." *People v. Collier*,

151 P.3d 668, 671 (Colo. App. 2006).  But there is an exception to this time bar when the defendant's "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect."  § 16-5-402(2)(d).

¶ 9     We review de novo whether the facts alleged in a Crim. P. 35(c) motion, if true, would constitute justifiable excuse or excusable neglect.  *People v. Hinojos*, 2019 CO 60, ¶ 12.  To be entitled to a hearing, a defendant is not required to provide evidentiary support for their allegations but "must allege facts which, if true, would entitle [them] to relief from the time bar."  *Id.* at ¶ 14.  A Crim. P. 35(c) motion may be denied without a hearing when the motion, files, and record clearly establish that the defendant's allegations do not warrant relief.  *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

### III.   Analysis

¶ 10    Swenson concedes that his motion was filed years after the limitation period in section 16-5-402(1) had expired.  His conviction was final in November 2016, making his deadline for filing a Crim. P. 35(c) motion November 2019.  He filed his motion in 2023.  But Swenson contends that the district court erred by denying his

motion without a hearing because he alleged facts that, if true, would show justifiable excuse or excusable neglect. We disagree.

### A. Proportionality Claim

¶ 11 Swenson asserts that his proportionality claim is excused from the time bar because *Wells-Yates* announced a new rule of constitutional law that should be applied retroactively. *See People v. Rainer*, 2013 COA 51, ¶ 29 (holding that a new rule of substantive constitutional law can constitute justifiable excuse), *rev'd on other grounds*, 2017 CO 50. But he does not specify what purportedly new rule from *Wells-Yates* he seeks to rely on.

¶ 12 Regardless, after Swenson filed his opening brief, the supreme court held that *Wells-Yates* does not apply retroactively to cases on collateral review. *McDonald v. People*, 2024 CO 75, ¶ 34. To the extent Swenson relies on *Wells-Yates*'s holding concerning the nature of proportionality review generally, that holding is not a new rule. *Id.* at ¶ 22. To the extent he relies on its holding that courts may consider subsequent legislative amendments in conducting a proportionality review, that rule (though new) is not substantive. *Id.* at ¶ 34. Thus, because *Wells-Yates*'s holdings do not apply

retroactively to Swenson's conviction, they cannot establish justifiable excuse or excusable neglect for his untimely claim.

¶ 13    To the extent Swenson otherwise argues that the 2016 amendment to the crime of violence statute — which gives courts discretion to impose concurrent sentences under the circumstances of this case — should have been applied directly to his case at sentencing or that counsel was ineffective for not presenting it to the district court, we note that the 2016 amendment applies only to offenses committed on or after July 1, 2016. *See* Ch. 85, sec. 2, § 18-1.3-406(1)(c)(I), 2016 Colo. Sess. Laws 242. Because Swenson committed the offenses in 2015, the amendment does not apply.

### B.    Ineffective Assistance Claims

¶ 14    Swenson next contends that he alleged justifiable excuse or excusable neglect for his late-filed ineffective assistance of counsel claim because he relied on his counsel's erroneous advice regarding his parole eligibility, the initial plea offer, and the mandatory consecutive nature of his sentences. He relies on *Close v. People*, 180 P.3d 1015 (Colo. 2008), and *People v. Valdez*, 178 P.3d 1269 (Colo. App. 2007), for the proposition that ineffective assistance of counsel can constitute justifiable excuse or excusable neglect.

¶ 15    But Swenson's reliance on *Close* and *Valdez* is misplaced. Those cases addressed the ineffective assistance of *postconviction counsel* in failing to timely file a postconviction motion or pursue a particular postconviction claim. *Close,* 180 P.3d at 1019-22; *Valdez,* 178 P.3d at 1279-80. In such a scenario, the ineffective assistance of counsel prevents the defendant from pursuing the claim. *See Close,* 180 P.3d at 1022. In contrast, the alleged ineffectiveness of counsel during the plea and sentencing proceedings could have had no bearing on Swenson's delay in filing his postconviction motion. Indeed, Swenson was indisputably aware of — and raised — issues regarding the ineffectiveness of counsel in connection with the plea at the time of sentencing.

¶ 16    To the extent Swenson asserts that he was unaware until recently that he would be required to serve 75% of his sentence before becoming eligible for parole, a defendant's ignorance of the law does not excuse the untimely filing of a postconviction motion. *See People v. McPherson,* 53 P.3d 679, 682 (Colo. App. 2001) (noting that a defendant's "indigence, ignorance of the law, and lack of legal counsel do not amount to justifiable excuse or excusable neglect for an untimely filed collateral attack"); *People v. Slusher,* 43 P.3d 647,

651 (Colo. App. 2001) ("[R]ecent discovery of a legal basis for a collateral attack on a conviction does not constitute excusable neglect where the defendant has not otherwise demonstrated some unavoidable hindrance that would cause a reasonably prudent person to neglect to pursue timely collateral relief.").

¶ 17    Finally, Swenson generally refers to the COVID-19 pandemic and the resulting "lack of staff" as further reason for his untimely filing.  But the COVID-19 pandemic did not begin until several months after Swenson's November 2019 deadline for filing his Crim. P. 35(c) motion.  Thus, even if the pandemic had some impact on his filing of the motion after March 2020 when the pandemic began, it cannot provide justifiable excuse or excusable neglect for Swenson's failure to file the motion by the statutory deadline.

¶ 18    Because Swenson's Crim. P. 35(c) motion was not filed within three years of his conviction and did not allege facts sufficient to establish justifiable excuse or excusable neglect for the late filing, the district court correctly denied the motion without a hearing.

IV.    Disposition

¶ 19    The order is affirmed.

JUDGE FREYRE and JUDGE SULLIVAN concur.