**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Antonio SANTANA, a/k/a Tony Santana, Defendant–Appellant.**

**No. 96CA2232.**

Colorado Court of Appeals, Div. IV.

Oct. 2, 1997.

Rehearing Denied Dec. 26, 1997.

Certiorari Denied July 27, 1998.

---

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Lauren A. Edelstein, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Beth L. Krulewitch, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Antonio Santana, appeals the trial court's order denying his motion for post-conviction relief pursuant to Crim. P. 35(a) and (c). We affirm.

Defendant pled guilty to second degree sexual assault, a class four felony, and was sentenced to two and one-half years' imprisonment. Defendant then filed a Crim. P. 35(b) motion seeking a reduction in his sentence. Granting the motion, the court vacated the original sentence and sentenced defendant to eight years of probation. Subsequently, defendant's probation was revoked, and he was sentenced to five years incarceration.

## I.

Defendant contends that Crim. P. 35(b) did not authorize the court to modify his two and one-half year prison sentence to a sentence of eight years of probation. We disagree.

In general, a trial court is without jurisdiction to modify a legal sentence that the defendant has begun serving. *People ex rel. Dunbar v. District Court,* 180 Colo. 107, 502 P.2d 420 (1972). Crim. P. 35(b), however, authorizes a court to review and "reduce" a sentence before it becomes final. *Ghrist v. People,* 897 P.2d 809 (Colo.1995).

The issue in this case is whether the imposition of a sentence of eight years of probation constitutes a reduction from the original sentence of two and one-half years of incarceration. Since the granting of probation greatly reduces the level of restraint imposed on defendant, essentially allowing him to remain at liberty while complying with the terms of his probation, we hold that it does constitute a reduction, even when the length of the sentence increased. *Cf. Downing v. People,* 895 P.2d 1046 (Colo.1995)(since a sentence to community corrections still involves *incarceration,* albeit, under less severe conditions, modifying sentence from six years in the custody of the Department of Corrections to eight years of community corrections did not constitute a reduction under Crim. P. 35(c)).

## II.

Defendant next contends that, even if the imposition of the eight-year probationary sentence was legal, upon revocation of that probation, the court did not have authority to impose a prison sentence longer than the

original one of two and one-half years. We are not persuaded.

Section 16–11–206(5), C.R.S.1997, in relevant part, states:

> If probation is revoked, the court may then impose any sentence or grant any probation pursuant to the provisions of this part 2 which might originally have been imposed or granted.

 This unambiguous language authorizes the court, upon revoking probation, to impose any sentence that it could have imposed based on the underlying crime. *People v. McDaniels*, 844 P.2d 1257 (Colo.App. 1992). Since, based on his conviction for a class 4 felony, the court could have sentenced defendant to a sentence from two to eight years' imprisonment, *see* § 18–1–105(1)(a)(IV), C.R.S.1997, the five-year sentence imposed here was within the court's authority.

The fact that defendant had previously received a two and one-half year sentence did not limit the court's authority to consider the full range of sentences authorized under § 18–1–105(1)(a)(IV), C.R.S.1997. *Cf. People v. McDaniels, supra* (no error where defendant, after revocation of probation, received a sentence that was longer than the maximum sentence permitted under the plea bargain).

Rather, once probation is revoked, "a different factual predicate exist[s] upon which the sentence [is to be] imposed." *People v. McDaniels, supra,* 844 P.2d at 1258. *See Montoya v. People,* 864 P.2d 1093, 1095 (Colo.1993)("when a sentencing judge can identify events that occur after the time of the original penalty and justify a more severe penalty, the district judge can impose a sentence which is longer than the original sentence").

Here, the record amply supports the imposition of the five-year sentence.

Although the sentencing court acknowledged that defendant had a "willingness to work and to get out and find employment," it found this outweighed by a "high degree of noncooperation" with the court, and a "poor attitude" in his sexual offender treatment program. Defendant's "therapy providers

noted his being supportive of the violations of other persons rather than ... being critical of them." The court further found that he had "thumbed his nose at the probation privilege," and concluded that a sentence longer than the original one was needed both because, in light of defendant's behavior while on probation, he "deserves to be ... punished beyond the initial term the court imposed," and because his rehabilitation required a longer period. We therefore conclude that after revocation of defendant's probation the trial court was authorized to sentence him to a longer sentence than originally imposed.

The order is affirmed.

MARQUEZ and ROY, JJ., concur.