The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Matthew S. CASTELLANO, Defendant–Appellant.

No. 07CA0979.

Colorado Court of Appeals, Div. III.

March 19, 2009.

Rehearing Denied April 30, 2009.

Certiorari Denied June 29, 2009.

John W. Suthers, Attorney General, Corelle M. Spettigue, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ryann S. Hardman, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

Defendant, Matthew S. Castellano, appeals from the prison sentence imposed following termination from his community corrections placement. We affirm.

In 2002, defendant pleaded guilty to felony theft. After failing sentences both to a diversion program and to probation, he was sentenced in 2004 to two years imprisonment in the Department of Corrections (DOC).

During the 120–day time limit provided by Crim. P. 35(b), defendant moved the court to reduce his sentence to probation, based primarily on his performance in a regimented inmate training "boot camp" while in prison. At a hearing on the motion, defendant requested that he be sentenced to intensive supervision probation (ISP). The district court granted his motion and resentenced him to three and one-half years of ISP.

Defendant also failed at ISP, and the court subsequently resentenced him to three and one-half years in a community corrections program. After he was terminated from that program, the district court resentenced him to three and one-half years imprisonment in the DOC. This appeal followed.

Defendant contends that because he had already begun serving his two-year prison sentence, the district court violated his constitutional right against double jeopardy when it ultimately increased that sentence to three and one-half years. We disagree.

Because this issue was not raised in the district court, we review only for plain error. See People v. Olson, 921 P.2d 51, 53 (Colo. App.1996) (applying plain error test to resolve double jeopardy claim). Plain error is error that is "obvious, substantial, and grave" and seriously affects the substantial rights of the accused. Moore v. People, 925 P.2d 264, 268 (Colo.1996); see Crim. P. 52(b).

While increasing a lawful sentence after a defendant has begun serving it may violate the double jeopardy protection against multiple punishments in some circumstances, "double jeopardy does not bar the imposition of an increased sentence if the defendant lacked a legitimate expectation of finality in the [original] sentence." Romero v. People, 179 P.3d 984, 989 (Colo.2007) (citing United States v. DiFrancesco, 449 U.S. 117, 139, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)). Moreover, "[a] defendant can have no legitimate expectation of finality in a sentence that, by statute, is subject to further review and revision." People v. Chavez, 32 P.3d 613, 614 (Colo.App.2001).

Here, defendant's original two-year prison sentence was subject to further review and possible reduction for 120 days pursuant to Crim. P. 35(b). See Crim. P. 35(b) (providing courts with authority to reduce a sentence upon motion or on its own initiative within the appropriate time limits). As stated by our supreme court, the very purpose of the rule is to "suspend the finality of the

original sentence for a period of 120 days for the limited purpose of either permitting the defendant to request a reduction of sentence or allowing the court to reduce the sentence on its own initiative." *People v. Fuqua,* 764 P.2d 56, 59 (Colo.1988); *see also Ghrist v. People,* 897 P.2d 809, 812 (Colo.1995) ("Crim. P. 35(b) provides trial courts the opportunity to review a sentence to ensure it is properly imposed before it is final.").

Defendant took advantage of the suspension of finality afforded by the rule to successfully argue that his sentence should be changed and reduced to probation, thus voluntarily accepting the relevant probation statute authorizing the possibility of a more severe sentence for a subsequent revocation. *See* § 16–11–206(5), C.R.S.2008 ("If probation is revoked, the court may then impose any sentence ... which might originally have been imposed....").

Given these circumstances, we conclude that defendant had no legitimate expectation of finality in his original sentence. Accordingly, his subsequent three and one-half year prison sentence did not violate the Double Jeopardy Clause of either the United States or Colorado Constitution.

*Downing v. People,* 895 P.2d 1046 (Colo. 1995), upon which defendant relies, involved review of a sentence increase from prison, to community corrections, and back again to prison under a previous version of the community corrections statutes that specifically prohibited sentence increases, and is therefore clearly distinguishable from the present case. *See id.* at 1049–50.

By contrast, *People v. Santana,* 961 P.2d 498 (Colo.App.1997), upon which the People rely, is factually similar to the present case. In *Santana,* the defendant was sentenced to two and one-half years in prison, but was resentenced to eight years of probation after successfully moving for a sentence reduction pursuant to Crim. P. 35(b). His probation was subsequently revoked, and he was then sentenced to five years in prison. A division of this court stated that "[s]ince the granting of probation greatly reduces the level of restraint imposed on defendant, essentially allowing him to remain at liberty while complying with the terms of his probation, we hold that it does constitute a reduction, even when

the length of the sentence increased." *Id.* at 499.

The division then concluded that, based on the probation statute and reasoning from the opinion in *People v. McDaniels,* 844 P.2d 1257 (Colo.App.1992), the sentencing court also had the authority to impose a longer prison sentence after revocation of the defendant's probation. *See Santana,* 961 P.2d at 500. Because double jeopardy concerns were not raised in *Santana,* we reject defendant's contention that it was wrongly decided.

We also reject defendant's further contention that "had the correct argument been presented in *Santana,* the result would have been different." The division in that case specifically noted that the original sentence was not final due to Crim. P. 35(b). *See Santana,* 961 P.2d at 499 (citing *Ghrist,* 897 P.2d at 812). Accordingly, for the reasons we have articulated above, a double jeopardy claim in *Santana* would likely have been precluded by the defendant's lack of a legitimate expectation of finality in his original prison sentence.

We perceive no error, let alone plain error, in defendant's sentence to prison.

Accordingly, the sentence is affirmed.

Judge DAILEY and Judge MILLER concur.