23CA1906 Peo v Hall 12-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1906
Arapahoe County District Court No. 08CR272
Honorable Jacob Edson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Demond Thornton Hall,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Yun and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Demond Thornton Hall, Pro Se

¶ 1     Defendant, Demond Thornton Hall, appeals the denial of his Crim. P. 35(a) motion.  We affirm.

## I.     Background

¶ 2     In 2008, Hall pleaded guilty pursuant to a plea agreement to one count of sexual exploitation of a child and one count of sexual assault on a child by one in a position of trust (SAOC-POT).  *See* § 18-6-403(5)(a), C.R.S. 2024; § 18-3-405.3(2)(a), C.R.S. 2024.  Under the agreement, the parties stipulated to concurrent sentences of six years in the custody of the Department of Corrections (DOC) on the sexual exploitation of a child conviction and twenty years to life of sex offender intensive supervision probation (SOISP) on the SAOC-POT conviction.  The court imposed the stipulated sentences.

¶ 3     In 2013, Hall was paroled on his sexual exploitation sentence and began serving the remainder of his SOISP sentence.  Less than a year later, Hall's probation officer initiated proceedings to revoke Hall's SOISP.[1]

---

[1] The filing of the probation revocation complaint resulted in the revocation of Hall's parole; he served 180 days on the parole revocation.

¶ 4      After a revocation hearing, the district court found that Hall had violated multiple conditions of probation, revoked the SOISP sentence, and resentenced Hall to eight years to life in the custody of the DOC to be followed by a parole term of twenty years to life (the revocation sentence).  On direct appeal, a division of this court affirmed the revocation sentence.  *People v. Hall*, slip op. at ¶ 12 (Colo. App. No. 14CA2488, Oct. 13, 2016) (not published pursuant to C.A.R. 35(e)).

¶ 5      In August 2023, nearly ten years after his resentencing, Hall filed a pro se Crim. P. 35(a) motion, asserting that his original sentence to both imprisonment (for the exploitation count) and probation (for the SAOC-POT count) was illegal under *Allman v. People*, 2019 CO 78, and, therefore, the revocation sentence had to be vacated.  Hall also argued that the revocation sentence violated his rights under the Double Jeopardy Clause.  He asked the court to set an evidentiary hearing and appoint him counsel.

¶ 6      Instead, without setting a hearing or appointing counsel, the court denied the motion in a written order, concluding that under post-*Allman* supreme court decisions, Hall's original prison-plus-probation sentence was legal.

2

## II.     Analysis

¶ 7     On appeal, Hall renews his arguments that (1) because his original sentence was illegal, his revocation sentence is likewise unlawful and must be vacated; and (2) his sentence violates his rights under the Double Jeopardy Clause.  He also appears to assert that he has completed his sentence, and therefore his continued confinement is unlawful.[2]

### A.     Standard of Review

¶ 8     A defendant may raise an illegal sentence claim at any time. *See People v. Bowerman*, 258 P.3d 314, 316 (Colo. App. 2010).  An illegal sentence is one that is not authorized by law, meaning it is inconsistent with the sentencing scheme established by the legislature.  *People v. Jenkins*, 2013 COA 76, ¶ 11.  The legality of a sentence is a question of law that we review de novo.  *People v. Bassford*, 2014 COA 15, ¶ 20.

---

[2] To the extent Hall raises a claim related to the statute of limitations for the revocation proceedings, that claim was neither raised in the Crim. P. 35(a) motion nor developed sufficiently on appeal.  Therefore, we do not address it.  *See People v. Cali*, 2020 CO 20, ¶ 34 (appellate court will not consider issues not raised in the postconviction motion); *People v. Stone*, 2021 COA 104, ¶ 52 (appellate court does not address undeveloped arguments).

### B.  Illegal Sentence Claim

¶ 9     We begin with the question of whether Hall's original sentence of six years imprisonment and concurrent SOISP was illegal.  (By beginning there, we assume without deciding that if the original sentence was illegal, the revocation sentence cannot stand.)

¶ 10    In *Allman v. People*, the supreme court held that "when a court sentences a defendant for multiple offenses in the same case, it may not impose imprisonment for some offenses and probation for others."  2019 CO 78, ¶ 28.  But a couple of years later, the supreme court clarified that *Allman*'s prison-plus-probation prohibition does not apply to sentencing under the Colorado Sex Offender Lifetime Supervision Act of 1998 (SOLSA), as SOLSA created "an entirely freestanding sentencing framework."  *People v. Manaois*, 2021 CO 49, ¶¶ 3, 47.  Thus, under the SOLSA exception to *Allman*'s rule, a defendant may "receive[] a prison sentence for a non-sex offense and a consecutive SOISP sentence for a sex offense."  *Id.* at ¶ 5.

¶ 11    Hall received a determinate prison sentence for the exploitation conviction (a "sex-related" offense, *id.* at ¶ 46; *see also* § 18-1.3-1007(1)(a)(III), C.R.S. 2024 (listing non-sex offenses that

4

fall under SOLSA's probation sentencing scheme)) and an indeterminate SOISP sentence for the SAOC-POT conviction (a "sex offense" under SOLSA, *see* § 18-1.3-1003(5)(a)(V), C.R.S. 2024). Because the SOLSA exception applies under these circumstances, Hall's original sentence did not run afoul of *Allman*'s general rule. *See People v. Lowe*, 2021 CO 51, ¶ 17 (holding that determinate prison sentence for sex-related offense plus SOISP sentence for sex offense was lawful).

¶ 12    Nonetheless, Hall argues that his sentence is unlawful, noting three purported problems. We reject his arguments.

¶ 13    First, we acknowledge that *Allman*'s rule was informed in part by the court's determination that the legislature did not intend to subject a defendant to simultaneous supervision as a parolee and a probationer — a practical consequence of a prison-plus-probation sentence. *Allman*, ¶ 39. But in *Manaois*, the supreme court concluded that the legislature's clear intent to allow prison-plus-probation sentences under SOLSA overrode any concern about dual supervision in non-SOLSA cases. *Manaois*, ¶ 67 & n.18.

¶ 14    Second, we are not persuaded that because Hall's SOISP sentence was ordered to run concurrently with, not consecutively

to, his prison sentence, the SOLSA exception does not apply. Hall does not explain why this distinction matters, and the only related authority we have found suggests it does not. *Cf. People v. Snedeker*, 2023 COA 46, ¶¶ 5, 16 (*Allman* did not prohibit the court, in resolving two cases, from imposing a prison sentence in one case and a concurrent probation sentence in the other case) (*cert. granted* Feb. 26, 2024).

¶ 15      Third, to the extent Hall contends that his sentence is unlawful for the independent reason that the court had to impose consecutive sentences under section 18-1.3-1004(5)(a), C.R.S. 2024, we disagree. Section 18-1.3-1004(5)(a) mandates consecutive sentencing in SOLSA cases involving multiple convictions arising from the same incident — but only if the court imposes an indeterminate prison sentence for the sex offense. Hall's original sentence did not include an indeterminate prison sentence for a sex offense (he received a determinate sentence for a "sex-related" offense and SOISP for the sex offense), so section 18-1.3-1004(5)(a) does not apply.

¶ 16      In sum, we conclude that Hall's original sentence was lawful. And because the legality of a sentence is a question of law, and no

facts are in dispute, Hall was not entitled to an evidentiary hearing or the appointment of counsel in connection with his Crim. P. 35(a) motion. *See People v. Lepine*, 744 P.2d 81, 83 (Colo. App. 1987); *see also People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005) ("A trial court may decline to appoint counsel in connection with a [postconviction] motion that may be denied as a matter of law without an evidentiary hearing.").[3]

### C. Double Jeopardy Claim

¶ 17 Hall's argument concerning an alleged violation of his double jeopardy rights is unclear. If his argument is that the court could not impose the revocation sentence once he had started serving SOISP, that argument is foreclosed by our well-settled precedent. *See, e.g., People v. Castellano*, 209 P.3d 1208, 1209-10 (Colo. App. 2009) (double jeopardy does not bar the imposition of an increased sentence after revocation of probation); § 16-11-206(5), C.R.S. 2024

---

[3] Hall's reliance on Crim. P. 35(c) procedures is misplaced, as his motion is properly construed as a motion to correct an illegal sentence under Crim. P. 35(a). *See People v. Larsen*, 2023 COA 28, ¶ 16 (explaining that the substance of a postconviction motion controls what type of motion it is).

("If probation is revoked, the court may then impose any sentence . . . which might originally have been imposed . . . .").

¶ 18      But regardless of whether we have properly articulated his argument, the claim is time barred.  A double jeopardy claim, which challenges the constitutionality of a sentence, is cognizable under Crim. P. 35(c), not Crim. P. 35(a).  *See People v. Collier*, 151 P.3d 668, 672 (Colo. App. 2006).  Generally, Crim. P. 35(c) claims must be raised within three years of the date the defendant's judgment of conviction becomes final.  *See* § 16-5-402(1), C.R.S. 2024.  Hall's amended judgment of conviction became final in February 2017, when his revocation sentence was affirmed on appeal and the mandate issued.  *See Hunsaker v. People*, 2021 CO 83, ¶ 36.  Hall filed his postconviction motion in August 2023, more than six years later, and he did not allege justifiable excuse or excusable neglect for his late filing.  *See People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002) (a defendant must allege facts in his postconviction motion that, if true, would establish justifiable excuse or excusable neglect for the delay in filing).

## D. Unlawful Confinement Claim

¶ 19 As we understand Hall's argument, he says that because his original prison-plus-probation sentences ran concurrently, by the time of his resentencing, he had already served about seven years of his SOISP sentence in prison. And as of the date of his postconviction motion, he had served seven or eight years of the revocation sentence, for a total time served on the SAOC-POT conviction of about fifteen years.

¶ 20 To the extent Hall contends that he has discharged his revocation sentence, we note first that the upper end of the revocation sentence is life in prison, and second, that a claim challenging a mandatory release date must be brought in a separate civil action against the DOC or the State Board of Parole. *See People v. Huerta*, 87 P.3d 266, 267 (Colo. App. 2004). Thus, we may not address this claim under Crim. P. 35(a).

## III. Disposition

¶ 21 The order is affirmed.

JUDGE YUN and JUDGE KUHN concur.