The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
February 27, 2025

## 2025COA25

**No. 23CA1350, *People v. Rojas* — Criminal Law — Appeals — Resentencing on Remand; Constitutional Law — Fifth Amendment — Double Jeopardy — Fourteenth Amendment — Due Process**

In this proceeding, a division of the court of appeals reviews the propriety of new sentences imposed after the defendant's original sentences were vacated on appeal.

First, the division considers whether the district court's decision to resentence the defendant conflicted with the mandate from the previous appeal. Relying on *People v. Hernandez-Escajeda*, 2024 COA 111, the division concludes that the mandate that directed the district court to "impose concurrent sentences" did not limit the court's authority to resentence the defendant.

Second, the division concludes that double jeopardy did not bar the imposition of increased sentences on remand because the defendant's original sentences were illegal and subject to review and revision, and therefore the defendant did not have a legitimate expectation of finality in them.

Third, the division rejects the defendant's due process argument that the new sentences were the product of vindictiveness. The division holds that when two aggregate sentences have identical prison terms, the one with a later parole eligibility date is more severe for due process purposes. But, relying on *Texas v. McCullough*, 475 U.S. 134 (1986), the division also holds that there is no reasonable likelihood that actual vindictiveness played a part in resentencing when, without more, a judge who did not impose the original sentences imposes more severe sentences.

Finally, the division concludes that the district court did not plainly err by relying on a presentence investigation report that misclassified the defendant's prior felony conviction because the error was not obvious and did not substantially impact the resentencing proceeding.

For all these reasons, the division affirms the new sentences.

COLORADO COURT OF APPEALS **2025COA25**

Court of Appeals No. 23CA1350
Jefferson County District Court No. 16CR7283
Honorable Robert Lochary, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Thomas Rojas,

Defendant-Appellant.

SENTENCES AFFIRMED

Division IV
Opinion by JUDGE YUN
Harris and Kuhn, JJ., concur

Announced February 27, 2025

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Thomas Rojas appeals the district court's new sentences imposed after a division of this court vacated his original sentences. He contends, among other things, that the district court violated his right to due process by imposing more severe sentences on remand.

¶ 2    In *People v. Johnson*, 2015 CO 70, the Colorado Supreme Court emphasized that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at ¶ 18 (alterations in original) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969)).  To guard against the possibility that the "judge may have sought to punish the defendant for appealing the original decision," a rebuttable presumption of vindictiveness arises if "(1) the new sentence on remand is more severe than the original sentence, and (2) there is a reasonable likelihood that actual vindictiveness played a part in the resentencing." *Id.* at ¶¶ 18, 22.

¶ 3    In addressing Rojas's due process argument, we encounter two questions of apparent first impression in Colorado.  First, are new sentences with the same aggregate prison term as the original sentences but a later parole eligibility date more severe for due

process purposes?  In line with the majority of jurisdictions that have considered the question, we conclude that they are.  Second, is there a reasonable likelihood of actual vindictiveness when, without more, a judge who did not impose the original sentences imposes more severe sentences following a successful appeal?  Relying on the United States Supreme Court's holdings in *Texas v. McCullough*, 475 U.S. 134 (1986), we conclude that there is not.  Accordingly, Rojas's due process argument fails.

¶ 4     Because we also reject Rojas's other contentions, we affirm his new sentences.

## I.     Background

¶ 5     In 2019, a jury convicted Rojas of attempted first degree murder and first degree assault.  The jury found that Rojas caused serious bodily injury in both crimes, rendering them crimes of violence.

¶ 6     At the sentencing hearing, Rojas and the People both agreed that the district court could impose concurrent sentences.  But the court disagreed and found that, because the convictions were for crimes of violence, the sentences were required by statute to run consecutively.  The court thus sentenced Rojas to consecutive

sentences of eighteen years for attempted murder and fourteen years for assault, resulting in a total sentence of thirty-two years in the custody of the Department of Corrections. Thereafter, anticipating an appeal, the court said, "If for some reason the appellate court determines that . . . the violent crimes statute does not apply to this case," meaning the sentences were not required to run consecutively, "[this court] will specifically find that a sentence of the length of [thirty-two] years is necessary and appropriate to reflect [Rojas's] conduct here as well as his criminal history."

¶ 7     A division of this court affirmed Rojas's convictions. *See People v. Rojas*, (Colo. App. No. 19CA0694, May 26, 2022) (not published pursuant to C.A.R. 35(e)) (*Rojas I*). But the division concluded that the convictions were supported by identical evidence and therefore their sentences were required to run concurrently. *Id.* at ¶¶ 59-63. Accordingly, the division "vacate[d] the sentences and remand[ed] the case to the [district] court with directions to impose concurrent sentences." *Id.* at ¶ 64.

¶ 8     On remand, the People asked the district court to reimpose the thirty-two-year aggregate prison term by resentencing Rojas to thirty-two years for his attempted murder conviction and running

that sentence concurrently to the sentence for his assault conviction. Rojas, on the other hand, argued that "the mandate of the appellate court was to impose concurrent sentences" and any other changes to the sentences would "not comply with the specific directions of the Court of Appeals."

¶ 9    The district court — a different judge than the one who originally sentenced Rojas — disagreed with Rojas and held a resentencing hearing. After hearing statements on behalf of the victim and from Rojas, reviewing the trial exhibits, and addressing the relevant sentencing factors, the court concluded that "thirty-two years is an appropriate" prison term. However, the court chose to implement the prison term by imposing concurrent thirty-two-year sentences for *both* the attempted murder and assault convictions.

¶ 10    Although Rojas's new sentences have the same aggregate prison term as his original sentences, the other differences between his new and old sentences affect his parole eligibility. For his attempted murder conviction, Rojas must serve 50% of his prison term before becoming eligible for parole. *See* § 17-22.5-403(1), C.R.S. 2024. And for his assault conviction, he must serve 75% of

his prison term before becoming eligible for parole. *See* § 17-22.5-403(2.5)(a).

¶ 11    The tables below illustrate the differences in Rojas's parole eligibility calculations under his original consecutive sentences and the new concurrent sentences:

<u>Original Consecutive Sentences</u>

| Conviction | Prison Term | % of Prison Term Required to Serve | Eligible for Parole After |
|---|---|---|---|
| Attempted First Degree Murder | 18 Years | 50% | 9 Years (18 x 0.50) |
| First Degree Assault | 14 Years | 75% | 10.5 Years (14 x 0.75) |
| Total | 32 Years | 60.9% | 19.5 Years[1] |

---

[1] When multiple prison terms run consecutively, the time required to become eligible for parole for each term is calculated individually, and then those individual calculations are added together to determine the final parole eligibility date. *See Owens v. Carlson*, 2022 CO 33, ¶¶ 44-45.

## New Concurrent Sentences

| Conviction | Prison Term | % of Prison Term Required to Serve | Eligible for Parole After |
|---|---|---|---|
| Attempted First Degree Murder | 32 Years | 50% | 16 Years (32 x 0.50) |
| First Degree Assault | 32 Years | 75% | 24 Years (32 x 0.75) |
| Total | 32 Years | 75% | 24 Years |

¶ 12    Under Rojas's new concurrent sentences, his first degree assault sentence will govern his parole eligibility.  *See Thiret v. Kautzky*, 792 P.2d 801, 808 (Colo. 1990) ("[T]he 'governing' sentence is the longest sentence . . . , and the relevant parole provisions of that sentence apply to the entire 'composite' sentence.").  Thus, Rojas will now be eligible for parole after serving twenty-four years of his thirty-two-year prison term for assault, meaning his parole eligibility date has been pushed back by four and a half years.[2]

---

[2] The People's answer brief uses the same inputs but calculates a delay of 3.5 years.  We believe this is a miscalculation and not a factual dispute.  In any event, the difference between 3.5 and 4.5 years would not alter our analysis.

¶ 13    Rojas appeals the new sentences.

## II.    Analysis

¶ 14    Rojas contends that the district court reversibly erred by (1) disobeying the instructions in the *Rojas I* mandate; (2) increasing his sentences, thereby violating his right to be free from double jeopardy; (3) punishing him for successfully appealing his original sentences, thereby violating his right to due process; and (4) relying on incorrect information during resentencing.  We consider and reject each contention in turn.

### A.    The *Rojas I* Mandate Did Not Prohibit the Court from Resentencing Rojas

¶ 15    Rojas first contends that the mandate from *Rojas I*, ¶ 66, which "remand[ed] the case to the [district] court with directions to impose concurrent sentences," prohibited the district court from doing anything other than making his prior sentences concurrent. We are not persuaded.

#### 1.    Standard of Review and Applicable Law

¶ 16    We review de novo whether the district court complied with an appellate mandate.  *Thompson v. Catlin Ins. Co. (UK)*, 2018 CO 95, ¶ 20.

7

¶ 17     "[A] lower court must follow the law of the case as laid out by an appellate tribunal." *Id.* at ¶ 21. This includes the appellate court's "[c]onclusions . . . on issues presented to it as well as rulings logically necessary to sustain such conclusions." *Owners Ins. Co. v. Dakota Station II Condo. Ass'n,* 2021 COA 114, ¶ 24 (first alteration in original) (citation omitted). But the district court "may entertain additional motions that do not, expressly or by necessary implication, contravene the mandate." *Oster v. Baack,* 2015 COA 39, ¶ 15.

## 2.     Discussion

¶ 18     In the recently announced case *People v. Hernandez-Escajeda,* 2024 COA 111, a division of this court considered and rejected the same argument Rojas puts forth — that the appellate mandate precluded resentencing — under a similar factual scenario.

¶ 19     In *Hernandez-Escajeda,* the defendant was originally sentenced to two consecutive prison terms of twenty-two years each, resulting in an aggregate forty-four-year sentence. *Id.* at ¶ 4. On appeal from the summary denial of a Crim. P. 35(c) motion, an earlier division of this court had concluded that the two convictions must merge. *Id.* at ¶ 7. Consequently, that division "remanded to

8

the district court with directions to vacate" one of the defendant's convictions. *Id.* (citation omitted). On remand, the prosecution requested a resentencing hearing, and the defendant objected, "asserting that the court could not resentence him on the remaining substantive count . . . but could only perform the actions specifically mentioned in the remand language." *Id.* at ¶ 8. The district court agreed with the defendant and "believed that the *only* action it could take on remand was to correct the mittimus by vacating the . . . conviction." *Id.* at ¶ 9.

¶ 20    On appeal of that decision, the *Hernandez-Escajeda* division disagreed with the district court and concluded that (1) "following a defendant's 'successful appeal on his other convictions,' a district court has the inherent authority to resentence the defendant on convictions that remain on remand"; and (2) the appellate mandate's "direction . . . to perform a particular action did not amount to a prohibition on any other action that the district court had the authority to perform on remand, provided that such other action did not conflict with the remand instructions." *Id.* at ¶¶ 19, 24 (quoting *Johnson*, ¶ 1).

¶ 21    Applying *Hernandez-Escajeda* to this case, the district court had the authority on remand to resentence Rojas unless doing so conflicted with the *Rojas I* mandate's "directions to impose concurrent sentences." *Rojas I*, ¶ 66. We conclude that it did not. Nothing in the mandate prohibited the district court from imposing new sentences on the two convictions so long as they ran concurrently, and the fact that the mandate "did not expressly direct the district court to resentence [Rojas] . . . did not limit the court's authority to do so." *Hernandez-Escajeda*, ¶ 24.

¶ 22    Thus, we agree with the district court that, under the *Rojas I* mandate, it "ha[d] to impose concurrent sentences, but [it] still ha[d] authority as it normally would to use its discretion and impose the appropriate sentences."

## B. Double Jeopardy Did Not Preclude the Court from Increasing Rojas's Sentences

¶ 23    Rojas next argues that his original sentences were "legally valid," and therefore the constitutional proscription on double jeopardy prohibited the district court from increasing them. We disagree.

### 1. Standard of Review and Applicable Law

¶ 24    We review constitutional challenges to sentencing determinations de novo. *Johnson*, ¶ 9.

¶ 25    "The Double Jeopardy Clauses of the United States and Colorado Constitutions protect an accused from being twice punished for the same offense." *People v. Evans*, 2015 COA 156, ¶ 24 (first citing U.S. Const. amends. V, XIV; and then citing Colo. Const. art. II, § 18). Accordingly, the district court "is prohibited from increasing a legal sentence once it has been imposed and the defendant has begun serving it." *People v. Reed*, 43 P.3d 644, 646 (Colo. App. 2001).

¶ 26    But "when an original sentence is illegal, resentencing does not constitute double jeopardy . . . even if the subsequent sentence is longer than the original, and even though the defendant has begun serving the original sentence." *People v. Dist. Ct.*, 673 P.2d 991, 997 (Colo. 1983); *see People v. Bassford*, 2014 COA 15, ¶ 29. This is because "double jeopardy does not bar the imposition of an increased sentence if the defendant lacked a legitimate expectation of finality in the sentence," *Romero v. People*, 179 P.3d 984, 989 (Colo. 2007), and "[a] defendant can have no legitimate expectation

11

of finality in a sentence that, by statute, is subject to further review and revision," *People v. Castellano*, 209 P.3d 1208, 1209 (Colo. App. 2009) (alteration in original) (quoting *People v. Chavez,* 32 P.3d 613, 614 (Colo. App. 2001)). Therefore, "[w]here appellate review of the sentences at issue is clearly allowed, a defendant cannot claim any expectation of finality in his or her original sentencing." *People v. Woellhaf,* 199 P.3d 27, 30 (Colo. App. 2007).

## 2. Discussion

¶ 27     On appeal, the *Rojas I* division concluded that Rojas's convictions were based on identical evidence and vacated the original sentences. *Rojas I,* ¶¶ 57, 63. The sentences could not stand because the imposition of consecutive prison terms for two convictions based on identical evidence results in illegal sentences. *See People v. Torrez*, 2013 COA 37, ¶ 49. Thus, Rojas had no expectation of finality in the original sentences, and resentencing did not violate his rights against double jeopardy "even if the subsequent sentence[s] [are] longer than the original [sentences]." *Dist. Ct.,* 673 P.2d at 997; *see People v. Smith,* 121 P.3d 243, 251 (Colo. App. 2005).

### C. The Presumption of Vindictiveness Does Not Arise and Rojas Did Not Show Actual Vindictiveness

¶ 28    Rojas next contends that the district court violated his due process rights when it imposed new sentences on remand because his new sentences delayed his parole eligibility date.  We disagree.

#### 1.    Preservation and Standard of Review

¶ 29    As an initial matter, the People contend that this issue is unpreserved and should therefore be reviewed for plain error. Regardless of whether it is preserved, we review legal issues de novo.  *People v. Thames*, 2019 COA 124, ¶ 71 ("The alleged violation of a defendant's double jeopardy rights is a legal question we review de novo.").  Because we conclude that there was no error, we need not decide whether plain error applies.  *See Cardman v. People*, 2019 CO 73, ¶ 19 ("[P]lain error occurs when there is (1) an error, (2) that is obvious, and (3) that so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.").

#### 2.    Applicable Law

¶ 30    "[T]he right to appeal a criminal conviction is a fundamental and indispensable mechanism to protect a defendant's rights and

13

correct reversible trial court error." *Johnson,* ¶ 17. To preserve this right, "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at ¶ 18 (alterations in original) (quoting *Pearce,* 395 U.S. at 725). Thus, "[i]f a defendant wins on appeal and the [district] court subsequently imposes a more severe sentence for a conviction on remand, the increased sentence raises concerns that the . . . judge may have sought to punish the defendant for appealing the original decision." *Id.*

¶ 31    To guard against this possibility, a rebuttable presumption of vindictiveness arises if (1) the new sentence is more severe than the original and (2) there is a reasonable likelihood that actual vindictiveness played a part in the new sentence. *Id.* at ¶¶ 18, 22. However, "even if the 'presumption of vindictiveness' arises, the prosecution may rebut it by identifying 'objective information in the record justifying the increased sentence.'" *Id.* at ¶ 19 (quoting *United States v. Goodwin,* 457 U.S. 368, 374 (Colo. 1982)). If the prosecution successfully rebuts the presumption, the burden returns to the defendant to "prove that the sentencing judge

14

violated his due process rights by imposing a harsher sentence out of actual vindictiveness." *Id.* "If the prosecution is unable to rebut the presumption of vindictiveness, the new sentence is invalid." *Id.*

¶ 32     And in cases where the presumption does not apply, the defendant can still prevail on the due process claim by affirmatively proving "actual vindictiveness." *Id.* at ¶ 41.

### 3.     A Sentence with an Identical Prison Term but Delayed Parole Eligibility Is More Severe

¶ 33     Rojas acknowledges that the Colorado Supreme Court has adopted an aggregate approach to determine whether new sentences are more severe than the original sentences. *See id.* at ¶ 37.  Under this approach, the presumption of vindictiveness may arise only "where changes to the defendant's sentence[s] on remand cause the aggregate total sentence to increase as compared to the original aggregate sentence." *Id.* at ¶ 25.  Nevertheless, Rojas contends that his new sentences of the same aggregate length are more severe than his original sentences because his parole eligibility is delayed.

¶ 34     No reported Colorado decision has squarely addressed this issue.  But nearly every jurisdiction to consider it has concluded

15

that, "[a]lthough a later sentence imposed by a judge is for an identical term of imprisonment as the initial one, it is nevertheless more severe for purposes of due process if it provides for parole consideration later than the initial sentence." *United States v. Bello*, 767 F.2d 1065, 1068 (4th Cir. 1985); *see United States v. Steele*, 988 F.2d 998, 999 (9th Cir. 1993); *United States v. Pimienta-Redondo*, 874 F.2d 9, 15 (1st Cir. 1989); *United States v. Gilliss*, 645 F.2d 1269, 1283 (8th Cir. 1981); *United States v. Hawthorne*, 532 F.2d 318, 323-24 (3d Cir. 1976); *State v. Thomas*, 214 A.3d 132, 145-46 (Md. 2019); *see also United States v. Barash*, 428 F.2d 328, 331 (2d Cir. 1970) (The presumption of vindictiveness applies to an increased punishment "regardless of the form of punishment, whether it is imprisonment, suspended sentence with probation, fine, *or any other corrective measure the court may provide.*") (emphasis added) (citation omitted); *State v. Soco*, 508 So. 2d 915, 917-18 (La. Ct. App. 1987) (holding that a sentence of thirty-five years without parole eligibility was a "harsher sentence" than the original sentence of ninety-nine years with parole eligibility after thirty-three years). *But see State v. Semrad*, 794 N.W.2d 760, 763-64 (S.D. 2011) (holding that "parole eligibility

16

is not part of a defendant's sentence" and therefore delays in parole eligibility "do not increase a defendant's sentence"); *Keawe v. State*, 901 P.2d 481, 489-90 (Haw. 1995) (because parole eligibility is determined by the executive branch, not the judicial branch, of the Hawaiian government, it is irrelevant when determining if a new sentence is more severe).

¶ 35     We agree with this majority view. The Maryland Court of Appeals may have summed it up the best:

> From a common-sense perspective, a sentence of [eighteen] years imprisonment with a parole eligibility date of nine years is "more severe" than a sentence of [eighteen] years imprisonment with a parole eligibility date of seven years and six months. No doubt, ten out of ten inmates would agree with that proposition.

*Thomas*, 214 A.3d at 141; *accord Bello*, 767 F.2d at 1068 ("We have no doubt that the subsequent sentence is more severe than the original one.").

¶ 36     The People rely on *People v. Montgomery*, 737 P.2d 413 (Colo. 1987), and *State v. Smith*, 481 P.2d 995 (Kan. 1971), for the proposition that "[t]he granting of parole is a matter of grace, not a matter of right," and therefore should not be considered part of

17

Rojas's sentence. *Montgomery*, 737 P.2d at 416. But these cases are distinguishable because, in each, the defendant's delay in parole eligibility resulted from a resentencing from life imprisonment to a definite term. *See id.* at 414-15; *Smith*, 481 P.2d at 996. Thus, the supreme court in *Montgomery* held that a "sentence to a term of twenty-five to fifty years . . . is not a more severe sentence than life imprisonment," even though it delayed parole eligibility, because "[a]n inmate's parole eligibility date, *although not without some significance,* is neither the exclusive nor controlling consideration in determining the relative severity of alternative sentences." *Montgomery*, 737 P.2d at 416 (emphasis added). Indeed, we think *Montgomery* supports our conclusion given that the court explicitly considered the effect of parole in determining the severity of the defendant's sentences. *See id.* ("When *all the features* of these two sentences are examined, we are satisfied that a sentence to a term of twenty-five to fifty years is not harsher than a sentence to life imprisonment.") (emphasis added); *People v. Wieghard*, 743 P.2d 977, 979 (Colo. App. 1987) (considering parole eligibility to determine that the defendant's sentence on remand was increased).

18

¶ 37 Accordingly, we conclude that, for due process purposes, when two aggregate sentences have identical prison terms, the one with a later parole eligibility date is more severe.

### 4. There Is No Reasonable Likelihood of Actual Vindictiveness

¶ 38 Having concluded that Rojas's new sentences are more severe than his original sentences, we now turn to whether there is a reasonable likelihood that actual vindictiveness played a part in the new sentences to create the rebuttable presumption. *See Johnson,* ¶ 22. We conclude that there is not such a reasonable likelihood.

¶ 39 The United States Supreme Court has made clear that the presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence" after a successful appeal. *McCullough,* 475 U.S. at 138. Rather, "the presumption of vindictiveness should apply only where its objectives — to deter actual vindictive sentencing and to prevent a chilling effect on defendants exercising their right to appeal — are 'most efficaciously served.'" *Johnson,* ¶ 22 (quoting *Alabama v. Smith,* 490 U.S. 794, 799 (1989)).

¶ 40 One situation where the presumption of vindictiveness does not apply is where different sentencing judges "assessed the varying

sentences that [a defendant] received." *McCullough*, 475 U.S. at 140. This is because "the presumption derives from the judge's 'personal stake in the prior conviction,'" which does not exist when the original sentence was imposed by a different judge. *Id.* at 140 n.3 (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 27 (1973)); *see United States v. Newman*, 6 F.3d 623, 630 (9th Cir. 1993) ("When different courts impose different sentences, . . . there is no presumption of vindictiveness . . . ."); *Bowser v. State*, 441 P.3d 540, 544 (Nev. 2019) ("[T]he presumption [of vindictiveness] does not apply where a different judge imposes a higher sentence . . . than the first judge.").

¶ 41    Rojas's new sentences were imposed by a different judge than the judge who imposed his original sentences, and we do not see anything in the record that otherwise suggests a reasonable likelihood of actual vindictiveness. Therefore, the presumption of vindictiveness does not apply.

        5.    There Is No Evidence of Actual Vindictiveness

¶ 42    Even without the presumption of vindictiveness, Rojas could still prevail on his due process claim by affirmatively proving "actual vindictiveness." *See Johnson,* ¶ 41. However, he makes no attempt

20

to do so. He does not even respond to the People's argument that no evidence suggests "the resentencing judge was motivated by vindictiveness against him for successfully challenging his original sentence[s]." Instead, the record shows that the resentencing judge was attempting to reimpose Rojas's original aggregate prison term and, in doing so, did not consider the impact of the new sentences on Rojas's parole eligibility. Because Rojas has not presented any evidence of actual vindictiveness, and we do not discern any such evidence from the record, his due process argument fails.

### D. The District Court Did Not Plainly Err by Relying on Incorrect Sentencing Information

¶ 43 Rojas last contends that the district court erred by considering incorrect information during resentencing. Specifically, he argues that the court relied on a presentence investigation report (PSIR) that incorrectly stated that Rojas had previously pleaded guilty to second degree assault against an at-risk person (a class 3 felony) when he was actually convicted of second degree assault — drugging the victim (a class 4 felony). We conclude that the district court did not plainly err by relying on the PSIR.

21

### 1.    Preservation and Standard of Review

¶ 44    Because Rojas did not object to the PSIR at either of the sentencing hearings, including when the resentencing court referred to the prior felony as it was listed in the PSIR, we review his contention for plain error.  *See People v. Linares-Guzman*, 195 P.3d 1130, 1135 (Colo. App. 2008) (applying plain error standard to unpreserved claim that the sentencing court erred by considering information outside the record).  We must reverse only if the error was obvious and substantial.  *Hagos v. People*, 2012 CO 63, ¶ 14. An error is "obvious" if it is so clear cut that the judge should have been able to avoid it without the benefit of an objection.  *Scott v. People*, 2017 CO 16, ¶ 16.  An error is "substantial" if it "so undermined the fundamental fairness of the sentencing proceeding as to cast serious doubt on the reliability of the sentence."  *People v. Banark*, 155 P.3d 609, 611 (Colo. App. 2007).

### 2.    Discussion

¶ 45    Even assuming, without deciding, that the district court erred by considering the incorrect classification of the prior felony, the error was neither obvious nor substantial.

¶ 46     First, the error was not obvious.  Rojas's attorney was provided with the PSIR before the original sentencing hearing, and Rojas had the opportunity at both sentencing hearings to object to the information in the PSIR.  Indeed, at the original sentencing hearing, Rojas expressly disclaimed that he had any corrections or additions to the PSIR.  And at the resentencing hearing, Rojas again made no efforts to correct the PSIR, nor did he object when the court stated that "he has a prior felony for a conviction for [second degree] assault on an at risk person, a [c]lass 3 felony."  *See People v. Padilla*, 907 P.2d 601, 609 (Colo. 1995) ("[A] defendant has a right to be heard regarding the accuracy of matters in his [PSIR] . . . .").  Colorado case law has established that an uncontested PSIR has "some measure of reliability, and '[c]ourts resolving sentencing matters may rely on uncontroverted facts set forth in a [PSIR].'"  *People v. Fritts*, 2014 COA 103, ¶ 33 (alterations in original) (quoting *People v. Tuffo*, 209 P.3d 1226, 1231 (Colo. App. 2009)).  Under these circumstances, we cannot see how the district court could have avoided relying on this information without an objection.  *See Scott*, ¶ 16.

¶ 47    Second, the error was not substantial.  During resentencing, the district court emphasized "the severe damage that Mr. Rojas'[s] assault did on this victim" in this case, and it is clear from the record that that was the dominant factor behind the court's sentences.  The court mentioned the incorrect classification for Rojas's prior felony only once in passing, and the classification of the prior offense as a class 3 felony as opposed to a class 4 felony did not affect the sentencing range available to the court.  Apart from alleging that the information was wrong, Rojas does not explain how the court's brief mention of the offense substantially influenced the sentencing proceeding.  *See People v. Conyac*, 2014 COA 8M, ¶ 54 (noting that it is the defendant's burden to establish plain error).

¶ 48    We are not persuaded otherwise by Rojas's contention that *Rosales-Mireles v. United States*, 585 U.S. 129 (2018), requires us to vacate his sentences "under any applicable standard." *Rosales-Mireles* involved an unnoticed error that increased the applicable sentencing range — a type of error that "can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 139 (quoting

*Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016)). In contrast, the error alleged here did not affect the sentencing range and does not contain the same inherent probability.

¶ 49    Consequently, we conclude that there was no plain error warranting reversal of the sentences. *See Banark,* 155 P.3d at 611.

### III.    Disposition

¶ 50    Rojas's new sentences are affirmed.

JUDGE HARRIS and JUDGE KUHN concur.