24CA1088 Peo v Gonzalez 12-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1088
City and County of Denver District Court Nos. 18CR7841, 19CR3618 &
22CR1022
Honorable Alex C. Myers, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jessica L. Gonzalez,

Defendant-Appellant.

APPEAL DISMISSED IN PART
AND ORDER AFFRIMED

Division I
Opinion by JUDGE MOULTRIE
J. Jones and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Jessica L. Gonzalez, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Jessica L. Gonzalez, appeals the district court's order revoking her sentence to placement in a community corrections program and resentencing her to the Department of Corrections (DOC).  We affirm.

I.    Background

¶ 2    Three separate criminal cases give rise to this case.

¶ 3    In 2018, Gonzalez was charged with first degree burglary and two counts of third degree assault (2018 case).  Gonzalez pleaded guilty to one count of first degree criminal trespass and one count of third degree assault.  As part of the plea agreement, she was sentenced to an eighteen-month deferred judgment and sentence with concurrent probation (2018 sentence).

¶ 4    In May 2019, one month after Gonzalez pleaded guilty in the 2018 case, she was charged with two counts of second degree assault on a police officer (2019 case).  Four months later, Gonzalez pleaded guilty to a single count of felony menacing.  As part of that plea agreement, she was sentenced to two years of probation, to run concurrently with her 2018 sentence (2019 sentence).

¶ 5    At the same time, the People filed a complaint for revocation of Gonzalez's deferred judgment and sentence in the 2018 case based,

1

in part, on her charges in the 2019 case. Gonzalez admitted the allegations of the complaint, and the district court revoked her deferred judgment and sentence, entered a guilty plea, and resentenced her to a two-year term of probation in the 2018 case to run concurrently with her 2019 sentence.

¶ 6 In December 2020, the People filed complaints for revocation of probation in both Gonzalez's 2018 and 2019 cases, alleging numerous violations. The People filed four addendums between February 2021 and March 2022.

¶ 7 Meanwhile, in February 2022, Gonzalez was charged with two counts of second degree assault on a peace officer (2022 case). Gonzalez pleaded guilty to one count of criminal attempt to commit second degree assault.

¶ 8 Following a hearing on December 30, 2022, the district court revoked Gonzalez's probation in the 2018 and 2019 cases.[1] The court resentenced Gonzalez to a term of three years in community corrections in the 2018 case and two terms of six years in

---

[1] The record on appeal doesn't include a transcript of the December 30, 2022, probation revocation hearing.

community corrections in the 2019 and 2022 cases. The court ordered all three sentences to run concurrently.

¶ 9  In March 2024, the People filed a complaint for revocation of Gonzalez's community corrections sentence in each of her three cases. After conducting an evidentiary hearing on May 6, 2024,[2] the district court revoked Gonzalez's three concurrent community corrections sentences and resentenced her to a term of three years in DOC custody in the 2018 case and two terms of six years in DOC custody in the 2019 and 2022 cases, all to run concurrently. The court issued its mittimus the same day.

## II.  Jurisdiction

¶ 10  Initially, we address our jurisdiction, which we may raise and resolve nostra sponte. *See People v. Severin*, 122 P.3d 1073, 1074 (Colo. App. 2005). Gonzalez doesn't appeal a specific court order but instead appeals the court's mittimus issued on May 6, 2024. Because she timely appeals the mittimus imposing her sentences, we conclude that we have jurisdiction over Gonzalez's appeal with respect to the judgment and sentence reflected therein and entered

---

[2] The transcript of the May 6, 2024, hearing is also not included in the record on appeal.

3

on that date. *See People v. Cichuniec*, 2025 COA 33, ¶ 8 (concluding the mittimus reflecting convictions and sentences was a final judgment appealable when entered); *Sanoff v. People*, 187 P.3d 576, 579 (Colo. 2008) (concluding a defendant's sentence, and therefore conviction, "became a final, appealable order upon issuance of the mittimus").

### III. Gonzalez's Challenge to the Probation Revocation Order is Untimely

¶ 11     Gonzalez contends that her constitutional right to be present at sentencing was violated at the December 30, 2022, probation revocation hearing because she didn't attend the hearing in person, "was not notified when the sentence would be pronounced," and didn't know that she had been terminated from probation and sentenced to community corrections until a jail deputy informed her of that fact. In response, the People contend that we lack jurisdiction to address this argument because Gonzalez failed to timely appeal the probation revocation order. We agree with the People.

¶ 12     A criminal defendant is generally entitled to one appellate review of the propriety of her sentence. § 18-1-409(1), C.R.S. 2025;

*People v. Dawson*, 89 P.3d 447, 451 (Colo. App. 2003). However,

§ 18-1-409(2) provides that

> [n]o appellate court shall review any sentence which is imposed unless, within forty-nine days from the date of the imposition of sentence, a written notice is filed in the trial court to the effect that review of the sentence will be sought; said notice must state the grounds upon which it is based.

*See People v. Williams*, 916 P.2d 624, 627 (Colo. App. 1996) (section 18-1-409 sets time limitation for appellate court's review of defendant's sentence). An order revoking probation and resentencing a defendant is a final judgment that must be appealed within forty-nine days after the order was issued. *People v. Carr*, 524 P.2d 301, 302 (Colo. 1974); *see* C.A.R. 4(b)(1).

¶ 13    The record shows that the district court revoked Gonzalez's probation and sentenced her to community corrections on December 30, 2022. But Gonzalez didn't directly appeal this ruling. Instead, she raised the issue concerning her alleged absence from the probation revocation hearing in this appeal, which she filed roughly a year and a half after the order was issued. Because Gonzalez's challenge to the revocation of her probation and the related sentencing is untimely, we dismiss that portion of her

appeal for lack of jurisdiction. *See People v. Baker*, 104 P.3d 893, 895 (Colo. 2005) ("Unless [a] notice of appeal is timely filed, the court of appeals lacks jurisdiction to hear the appeal.").

## IV. Gonzalez's Claims Challenging Resentencing to DOC Custody

¶ 14 Gonzalez also contends that the court's order revoking her community corrections placement and resentencing her to DOC custody must be reversed because (1) her multiple sentences in each of the three cases violated double jeopardy principles; (2) the DOC sentences in the 2019 and 2022 cases are illegal; (3) she was denied due process at the revocation hearing; and (4) the court's revocation order was based on insufficient evidence. We reject each of these contentions.

### A. Double Jeopardy

¶ 15 Gonzalez contends that the district court violated her constitutional right to be free from double jeopardy by imposing multiple sentences in the 2018, 2019, and 2022 cases. We disagree.

#### 1. Applicable Law and Standard of Review

¶ 16 The Double Jeopardy Clauses of the United States and Colorado Constitutions prohibit punishing a defendant multiple

6

times for the same offense.  *See* U.S. Const. amend. V; Colo. Const. art. II, § 18; *Woellhaf v. People*, 105 P.3d 209, 214 (Colo. 2005).

¶ 17    "[D]ouble jeopardy does not bar the imposition of an increased sentence if the defendant lacked a legitimate expectation of finality in the sentence." *Romero v. People*, 179 P.3d 984, 989 (Colo. 2007). And a defendant can't have a "legitimate expectation of finality in a sentence that, by statute, is subject to further review and revision." *People v. Castellano*, 209 P.3d 1208, 1209 (Colo. App. 2009) (quoting *People v. Chavez*, 32 P.3d 613, 614 (Colo. App. 2001)).

¶ 18    We review Gonzalez's double jeopardy claim de novo.  *See People v. Wade*, 2024 COA 13, ¶ 20.

### 2.    Analysis

¶ 19    We conclude that Gonzalez's sentences didn't violate double jeopardy for two reasons.

¶ 20    First, contrary to her argument, Gonzalez wasn't punished multiple times for the *same* offense.  Instead, the court sentenced her for each of the distinct offenses she committed at different times in 2018, 2019, and 2022.  *See* § 18-1-408(1), C.R.S. 2025 ("When any conduct of a defendant establishes the commission of more

than one offense, the defendant may be prosecuted for each such offense.").

¶ 21    Second, we perceive no error in Gonzalez's resentencing from community corrections to prison. As Gonzalez acknowledged in her plea agreements, her failure to comply with the terms and conditions of the deferred judgment, probation, and community corrections program could result in the revocation of those sentences and the imposition of a term in the DOC. Thus, Gonzalez lacked an expectation of finality in her sentences because they were subject to further revision and review. *See Romero*, 179 P.3d at 989; *Castellano*, 209 P.3d at 1209.

¶ 22    Accordingly, Gonzalez's sentences didn't violate double jeopardy.

### B.    The Legality of Gonzalez's DOC Sentences

¶ 23    Gonzalez contends that her 2019 sentence to a six-year term in DOC custody and concurrent 2022 sentence to a six-year term in DOC custody constitute "cruel and unusual punishment" because

8

they exceed the three-year "maximum punishment" for a class 5 felony. We conclude that the sentences are legal.[3]

### 1. Applicable Law and Standard of Review

¶ 24 Crim. P. 35(a) provides that a court may correct at any time a sentence "that was not authorized by law or that was imposed without jurisdiction." A sentence is "not authorized by law" if any of its components fails to comply with the sentencing statutes, *People v. Baker*, 2019 CO 97M, ¶ 19, and it is "imposed without jurisdiction" if it was "otherwise imposed in excess of the court's subject matter jurisdiction," *People v. Bowerman*, 258 P.3d 314, 316 (Colo. App. 2010) (citation omitted).

¶ 25 We review de novo the legality of a sentence. *Magana v. People*, 2022 CO 25, ¶ 33.

---

[3] We construe Gonzalez's argument as a challenge to the legality of the DOC sentences that the district court imposed in the 2019 and 2022 cases. To the extent Gonzalez argues that those sentences are grossly disproportionate under the United States and Colorado Constitutions, she offers no factual or legal support for that proposition. Thus, because Gonzalez has not properly raised this issue for our review in this appeal, we decline to address it. *See People v. Larsen*, 2023 COA 28, ¶ 19 n.4 (declining to address conclusory arguments presented without supporting authority).

## 2. Additional Facts

¶ 26    In the 2019 case, Gonzalez pleaded guilty to class 5 felony menacing, *see* § 18-3-206, C.R.S. 2025, while serving a term of probation in the 2018 case.  As part of her 2019 plea agreement, Gonzalez expressly acknowledged that, if at the time of the 2019 offense she was serving probation for a felony or was under a deferred judgment and sentence for a felony, she was subject to up to six years of incarceration.

¶ 27    In the 2022 case, Gonzalez pleaded guilty to one count of criminal attempt to commit second degree assault, a class 5 felony, while serving probation in both the 2018 and 2019 cases.  *See* § 18-3-203(1)(c), (2)(b), C.R.S. 2025; § 18-2-101(4), C.R.S. 2025.  Gonzalez acknowledged in the 2022 plea agreement, which she signed, that there were extraordinary circumstances accompanying the offense to which she was pleading guilty, which exposed her to a sentence of up to six years in prison.  She also acknowledged that, if she was on probation at the time of the offense, she was subject to a sentence of incarceration up to "twice the maximum in the presumptive range."  And the 2022 plea agreement said that because Gonzalez was on felony probation, she could be sentenced

to a term of four to six years in DOC custody if her probationary sentence were to be revoked.

### 3. Analysis

¶ 28 Class 5 felonies, to which Gonzalez pleaded guilty, carry a presumptive range sentence of one to three years. *See* § 18-1.3-401(1)(a)(V)(A)-(A.1), (V.5)(A), C.R.S. 2025. However, because Gonzalez was on probation for another felony at the time she committed the offenses, the district court was required to impose a sentence of at least the midpoint but not more than twice the maximum in the presumptive sentencing range. *See* § 18-1.3-401(8)(a)(III); *see also Martinez v. People*, 69 P.3d 1029, 1031 (Colo. 2003) ("Subject to constitutional limitations . . . , it is the prerogative of the legislature to define crimes and prescribe punishments."). Further, Gonzalez expressly agreed to the statutorily authorized aggravated range in her plea agreements. Therefore, her six-year DOC sentences in the 2019 case and 2022 case didn't exceed the top end of the applicable aggravated sentencing range to render them illegal.

¶ 29 Accordingly, Gonzalez's challenge to the legality of those sentences fails.

11

## V. Gonzalez's Remaining Contentions

¶ 30 In her briefing, Gonzalez also argues that her due process rights were violated during the May 6 hearing because she (1) wasn't given an opportunity to plead not guilty to the violations asserted in the community corrections complaint; and (2) was "unlawfully revoked" from the community corrections program given that she had not been "formal[ly] charge[d]" in connection with a violation underlying the revocation complaint, and the People had failed to present credible evidence establishing the violation.

¶ 31 However, our review of these contentions of error is severely hampered by the lack of a complete record. Specifically, because a transcript of the May 6 hearing isn't part of the record on appeal, we are unable to evaluate the merits of Gonzalez's claimed due process violations.

¶ 32 As the appellant in this case, it was Gonzalez's responsibility to designate the record and to ensure that all items designated were transmitted to the appellate court. *See People v. Duran,* 2015 COA 141, ¶ 12. Accordingly, Gonzalez was required to "include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal." C.A.R. 10(d)(3). And because she

failed to designate the transcript of the May 6 hearing, we must presume that the missing record supports the district court's decision to revoke her community corrections placement and resentence her to prison. *See Duran*, ¶ 12; *see also People v. Wells*, 776 P.2d 386, 390 (Colo. 1989) (reviewing court can't conclude that the district court's decision is erroneous when the record is insufficient).

## VI. Disposition

¶ 33     The appeal is dismissed in part, and the district court's order revoking Gonzalez's community corrections sentences and imposing the DOC sentences is affirmed.

JUDGE J. JONES and JUDGE GRAHAM concur.